# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| AUSTIN SHULER'S BEST LAWNS, INC. d/b/a AUSTIN'S BEST LAWNS AND LANDSCAPE, § § § § §<br>*Plaintiff* § | |
| v. § § § § § § § § | Case No. 1:23-cv-01394-RP |
| M. SHAPIRO MANAGEMENT COMPANY LLC d/b/a GRAND OAKS AT LIBERTY HILL,<br>*Defendant* | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Motion for Summary Judgment, filed June 4, 2024 (Dkt. 17); Defendant's Cross-Motion for Partial Summary Judgment, filed June 4, 2024 (Dkt. 18); Defendant's Opposed Motion to Strike Plaintiff's Errata Sheet, filed July 17, 2024 (Dkt. 25); and the associated responses and reply briefs.[1]

### I.   Background

Austin Shuler's Best Lawns, Inc. d/b/a Austin's Best Lawns and Landscape ("Best Lawns"), a Texas landscaping corporation, brings this breach of contract suit against M. Shapiro Management Company LLC d/b/a Shapiro at Liberty Hill ("Shapiro"), a Michigan limited liability company[2] that owns and operates manufactured housing developments. Plaintiff's Original Petition, Dkt. 1-1.

---

[1] By Text Orders entered July 10, 2024 and August 5, 2024, the District Court referred the motions to this Magistrate Judge for a report and recommendation and disposition, respectively, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

[2] Shapiro's sole member, Mickey Shapiro, is a Michigan citizen. Dkt. 1 at 2.

1

In July 2021, the parties entered into a contract in which Best Lawns agreed to provide landscaping services to Grand Oaks, Shapiro's manufactured housing development in Liberty Hill, Texas, in exchange for certain monthly fees ("Contract"). Dkt. 17-2. The Contract describes the landscaping services Best Lawns would provide and the fees for those services. It states: "Agreement is valid upon signing and effective for an initial period of 2 years." *Id.* at 2. Best Lawns drafted the Contract and signed it on July 13, 2021; Shapiro signed the Contract on July 28, 2021. *Id.* at 4. The Contract includes the following table:

| Base Mgmt. | Annual | Monthly | Inflation | Year |
|---|---|---|---|---|
| Existing Phase Open/ Common Areas | $14,400.00 | $1,200.00 | n/a | Aug 2021-Aug 2023 |
| Each online Lot | $600.00 | $50.00 | 0% | Aug 2021-Aug 2023 |
| Retention Ponds and Creek Bed | $13,200.00 | $1,100.00 | 0% | Aug 2021-Aug 2023 |

*Id.* at 3. The Contract also states:

> This contract will automatically renew for successive 2-year terms unless Client notifies Austin's Best Lawn & Landscape via U.S. Certified Mail of their intention to non-renew during the window of 90-120 days prior to contract termination date. . . . **In the event that either party wishes to breach this contract, the cancelling party must do so via 30 day written notice, delivered via U.S. Certified Mail.**

*Id.*

On May 17, 2023, Shapiro sent Best Lawns an email stating, in relevant part: "This is our 90 day notice of non renewal for the contract at Grand Oaks at Liberty Hill. This contract will terminate on the 28th of August 2023. We are currently in the process of bidding out a new contract and would like to invite you to do so." Dkt. 17-9. Best Lawns alleges that Shapiro's letter fell

2

outside the non-renewal window and was invalid under the Contract, so the Contract automatically renewed for another two-year term. Best Lawns continued to perform landscaping services at Grand Oaks until "M. Shapiro unceremoniously booted Austin's Best off the Grand Oaks property on September 7, 2023, thereby completing its breach of the parties' Contract." Dkt. 17 at 4. Best Lawns alleges that as a result of the breach, it lost the profits it expected to receive from the parties' agreement, and that Shapiro improperly withheld $117,179.96 in payments.

Best Lawns filed this suit in Texas state court, asserting claims for breach of contract and violations of the Texas Prompt Pay Act ("TPPA"). Dkt. 1-1 at 4. Best Lawns contends that Shapiro must pay the annual contract costs for the renewed two-year term plus interest on late-paid invoices. Best Lawns seeks $297,621.68 for its claim for breach of contract, $5,381.56 for its TPPA claim, and attorneys' fees and costs.

Shapiro removed the case to this Court on the basis of diversity jurisdiction. Dkt. 1-3. Shapiro admits that the parties had a valid, binding contract for landscape services that lasted for the initial two-year term, but argues that the Contract is ambiguous as to when the termination window begins and ends because it lacks a defined term as to when the term began and ended. Dkt. 19 at 7. Shapiro contends that the table in the Contract indicates that the initial two-year term was August 2021-August 2023. *Id.* at 8.

Best Lawns asks the Court to grant summary judgment on both its claims under Rule 56, arguing that "there is no genuine issue of material fact about the breach, M. Shapiro's violations of the Texas Prompt Payment Act, or the amounts due to Austin's Best." Dkt. 17 at 1. Shapiro opposes the motion, contending that there is a material fact issue as to whether it breached the Contract, and cross-moves for partial summary judgment on Best Lawns' breach of contract claim. Dkts. 18, 19. Shapiro also moves to strike one of Best Lawns' exhibits. Dkt. 25.

## II.   Motions for Summary Judgment

### A. Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 484 (5th Cir. 2014). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When ruling on a motion for summary judgment, the court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Davis*, 765 F.3d at 484. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* Instead, the party opposing summary judgment must identify specific evidence in the record and articulate the precise manner in which that evidence supports its claim. *Adams v. Travelers Indem. Co. of Conn.*,

465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

On cross-motions for summary judgment, the Court reviews each party's motion independently, in the light most favorable to the non-moving party. *Amerisure Ins. v. Navigators Ins.*, 611 F.3d 299, 304 (5th Cir. 2010).

**B. Cross-Motions on Breach of Contract Claim**

Best Lawns alleges that Shapiro breached the Contract "when it accepted services from Austin's Best but refused to pay invoices." Dkt. 1-1 at 8. A court sitting in diversity applies state law. *Balfour Beatty Constr., L.L.C. v. Liberty Mut. Fire Ins.*, 968 F.3d 504, 509 (5th Cir. 2020) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 82 (1938)). To prevail on a breach of contract claim under Texas law, a plaintiff must prove that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages due to the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). The parties dispute only the third and fourth factors.

**1. Breach**

Best Lawns contends that the Contract became effective on July 28, 2021, when Shapiro signed it, so the initial two-year term began that day and ended on July 28, 2023. Best Lawns also contends that the Contract automatically renewed on April 30, 2023 for another two-year term (beginning July 29, 2023)[3] because Shapiro failed to give notice during the non-renewal window of March 30,

---

[3] Best Lawns contends that the contract term would be July 28, 2023 through July 28, 2025. Dkt. 1-1 at 5. But because it argues that the first two-year term Contract term was July 28, 2021 to July 28, 2023, the second Contract term would have commenced on July 29, 2023. *Id.*

5

2023 through April 29, 2023. Best Lawns alleges that Shapiro is liable for the loss of profits it Lawns expected to receive during the two-year renewal period from July 29, 2023 to July 29, 2025.

"To determine the meaning of contractual terms, Texas courts focus on the parties' intentions as expressed in the contract itself." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 993 (5th Cir. 2019). Courts must "examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011). Whether a contract is ambiguous is a question of law for the court. *Matter of Pirani*, 824 F.3d 483, 493 (5th Cir. 2016). If the contract can be given a "certain or definite legal meaning or interpretation, then it is not ambiguous." *Lenape Res. Corp. v. Tenn. Gas Pipeline Co.*, 925 S.W.2d 565, 574 (Tex. 1996). Summary judgment is inappropriate when a contract ambiguous, that is, when "it is reasonably subject to more than one meaning," because contract interpretation is a question of fact. *Geoscan, Inc. of Texas v. Geotrace Techs., Inc.*, 226 F.3d 387, 390 (5th Cir. 2000).

Shapiro argues that the initial two-year term of the Contract is ambiguous because: "While the Contract states that it is valid upon signing, it does not state that the Contract signing begins that two-year term." Dkt. 19 at 8. Shapiro argues that the initial two-year term is "further muddled by the fact that the next page of the contract indicates the Contract's two-year term would run through August 2023." *Id.*

The Court agrees that the table on the third page of the Contract indicates that the initial two-year term of the Contract was "Aug 2021-Aug 2023," without specifying dates. Dkt. 17-2 at 3. Shapiro argues that the Contract's initial two-year term "ran through August 2023," so its non-renewal notice sent on May 17, 2023 stating that the Contract would terminate on August 28, 2023, was timely. Dkt. 19 at 8.

6

The Court finds that both Shapiro's and Best Lawns' interpretations of the Contract are reasonable. The Court rejects Best Lawns' argument that the sentence "valid upon signing and effective for an initial period of two years" in the Contract defines both the starting date and the ending date for the initial two-year term.

Due to the lack of specific start and end dates for the initial two-year term of the Contract, the initial term is subject to more than one reasonable interpretation and so is ambiguous. Because the Contract is ambiguous, this Magistrate Judge recommends that the District Court deny the parties' cross-motions for summary judgment on Best Lawn's breach of contract claim. *See Wease*, 915 F.3d at 994 (stating that "ambiguity precludes summary judgment"); *Geoscan*, 226 F.3d at 391 (reversing grant of summary judgment when agreement was ambiguous).

**2. Damages**

Shapiro cross-moves for summary judgment on Best Lawns' breach of contract claim, arguing that Best Lawns cannot satisfy its summary judgment burden on damages. Contract damages serve to give a plaintiff the benefit of his bargain, "i.e., to place the plaintiff in the position he would have occupied if the contract had been performed." *Gilbert Wheeler, Inc. v. Enbridge Pipelines (East Tex.), L.P.*, 449 S.W.3d 474, 479 (Tex. 2014). Benefit of the bargain damages are calculated by subtracting the value of the performance actually received by the non-breaching party from the value of the performance contracted. *Hoffman v. L & M Arts*, 838 F.3d 568, 584 (5th Cir. 2016). Under Texas law, benefit-of-the-bargain damages may include "reasonably certain lost profits." *Bowen v. Robinson*, 227 S.W.3d 86, 96 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *see also Qaddura v. Indo-Eur. Foods, Inc.*, 141 S.W.3d 882, 888-89 (Tex. App.—Dallas 2004, pet. denied) (stating that benefit-of-the-bargain damages seek to restore the non-breaching party to "the same economic position in which it would have been had the contract not been breached").

7

> Where the dollar value of the contracted-for performance is difficult to ascertain, a benefit-of-the-bargain jury question can permissibly use the value of the non-breaching party's performance as a proxy in appropriate circumstances. In all circumstances, however, a benefit-of-the-bargain damages question must encapsulate the difference between what was bargained for and what was received.

*Gilbert Wheeler*, 449 S.W.3d at 479.

Here, the Contract's damages provision states:

> In the event that this Agreement is terminated by [Shapiro] for any reason, or by Austin's Best Lawn & Landscape prior to the expiration of the initial term due to an Event of Default or non-payment for services rendered [Best Lawns] will suffer a substantial injury for which it is impracticable or extremely difficult to fix actual damages. [Shapiro] agrees to calculate contract cancellation amounts under the Benefit of the Bargain damage model.

Dkt. 17-2 at 3. Best Lawns argues that the "benefit of the bargain" is the value of the renewed two-year contract and it should be compensated for its lost profits totaling $297,621.68. Dkt. 17 at 4. Shapiro argues that even if it breached the contract, damages should be limited to any suffered between when it should have provided notice and when it did provide notice. Shapiro contends that under Plaintiff's interpretation of the Contract, Shapiro allegedly breached the Contract by providing notice on May 17, 2021, eighteen days after Plaintiff's Termination Window, so it should be liable only for damages incurred during these eighteen days.

Shapiro provides insufficient authority to persuade the Court that Best Lawns is entitled to less than the lost profits of the two-year contract. Shapiro relies primarily on an unpublished case from the Beamont Court of Appeals, *Farmers Ins. Exch. v. Hudson*, No. 09-09-00297-CV, 2010 WL 1806660 (Tex. App.—Beaumont May 6, 2010, no pet.), which is readily distinguishable. In *Farmers*, the employee seeking damages from his employer had no right to keep working beyond the employment contract's termination window. *Id.* at *6. By contrast, Shapiro had a duty to pay Best Lawns for its landscaping services for two years, and damages may appropriately be cabined

8

to that window. Shapiro also relies on *Atlas Copco Tools, Inc. v. Air Power Tool & Hoist, Inc.*, 131 S.W.3d 203, 207 (Tex. App.—Fort Worth 2004, pet. denied), in which the plaintiff sought six years of damages for breach of a one-year contract that automatically renewed for one-year terms. Unlike the damages asserted in *Atlas*, Best Lawns alleges a damages window directly tied to the Contract.

The Court finds that Best Lawns' profits would be reflected in the two-year period it expected to perform under the parties' Contract, not the eighteen days Shapiro advocates. Shapiro does not meet its burden for summary judgment as to damages.

### 3. Conclusion as to Breach of Contract Claim

For these reasons, this Magistrate Judge recommends that the District Court deny summary judgment on Best Lawn's breach of contract claim.

## C. Texas Prompt Payment Act Claim

Best Lawns also seeks summary judgment on its TPPA claim, alleging that Shapiro failed to pay interest on untimely payments. Shapiro does not deny making untimely payments, but argues that Best Lawns' damages calculations were submitted after the discovery deadline and should be excluded.

A court may impose sanctions for discovery violations. Rule 37(b)(2)(A) provides for sanctions if a party or its agent "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." Rule 37(c)(1) states that a party who fails to provide information required by Rule 26(a) or (e) is not allowed to use that information to supply evidence on a motion "unless that failure was substantially justified or is harmless." To determine whether a failure to disclose is harmless, courts consider: (1) the importance of the evidence; (2) the potential prejudice to the opposing party from including the evidence; (3) the availability of a

continuance; and (4) the explanation for the party's failure to disclose. *Ancor Holdings, L.P. v. Landon Cap. Partners, L.L.C.*, 114 F.4th 382, 405 (5th Cir. 2024).

The TPPA provides for recovery of statutory interest on late payments for contracting work to improve real property or perform construction services. TEX. PROP. CODE §§ 28.001-28.005. Under the TPPA, payments made past the thirty-fifth day after a written payment request was received are subject to interest. *Id.* §§ 28.002, 28.004. Interest accrues at a rate of 1.5% per month and stops accruing on the earlier of: "(1) the date of delivery; (2) the date of mailing, if payment is mailed and delivery occurs within three days; or (3) the date a judgment is entered in an action brought under this chapter." *Id.* § 28.004.

Shapiro denies neither that its contract with Best Lawns falls under the TPPA nor that it did not timely pay the invoices outstanding when Best Lawns stopped providing landscape services. Shapiro's only response to Best Lawns' motion for summary judgment on its TPPA claim is to ask the Court to exclude the damages calculations. Dkt. 19 at 9-10.

The Court finds that Shapiro had multiple opportunities to learn of the late fee damages, beginning when Best Lawns first indicated it would seek TPPA damages in its state court petition, filed October 16, 2023, which specified that the late-paid invoices totaled $102,650.02. Dkt. 1-1 at 8. During the deposition of Best Lawns' Rule 30(b)(6) corporate representative, Austin Shuler, Shapiro's counsel asked about the interest sum of $5,831, and Shuler gave detailed testimony how TPPA damages are calculated. Dkt. 19-1 at 35:14, 36:1-21. Shapiro also had notice through Best Lawns' invoices, which showed a 1.5% "late fee"; Shapiro eventually paid the invoice principal less the interest. Dkt. 17-5 at 4-6; 17-11. And Best Lawns provided TPPA damages calculations in its summary judgment motion. Dkt. 17 at 5. Because Shapiro had notice of the late fee damages

10

and suffered no prejudice, the Court denies Shapiro's objection to Best Lawns' TPPA damages evidence.

The Court finds that the TPPA applies to the parties' contract for landscaping services, and that the outstanding invoices were unpaid for more than thirty-five days, in violation of the TPPA. Dkt. 17-11 at 1-2. Best Lawns calculates $5,381.56 in interest due. Dkt. 17 at 7-8. This Magistrate Judge recommends that the District Court grant summary judgment on Best Lawns' TPPA claim and award Best Lawns $5,381.56 in damages.

### III.   Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Summary Judgment (Dkt. 17). The Court recommends that the District Court **DENY** the motion on Best Lawns' breach of contract claim, **GRANT** summary judgment for Best Lawns on its Texas Prompt Payment Act claim, and award Best Lawns $5,381.56 in damages. This Magistrate Judge **FURTHER RECOMMENDS** that the District Court **DENY** Defendant's Motion for Partial Summary Judgment (Dkt. 18).

### IV.   Order on Motion to Strike

Finally, Shapiro moves to strike the errata sheet for the Shuler's deposition. Dkt. 22-1, 25. The Court finds that the errata sheet is immaterial to the outcome of the summary judgment motion and therefore **DENIES** as moot Defendant's Opposed Motion to Strike Plaintiff's Errata Sheet (Dkt. 25). *Thornton v. McCarthy*, No. EP-16-CV-00283-KC, 2017 WL 9289640, at *7 (W.D. Tex. Dec. 1, 2017) (overruling as moot objections to evidence on which the Court did not rely).

The Court **FURTHER ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## V.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 2, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE