IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AUSTIN SHULER'S BEST LAWNS, INC. d/b/a Austin's Best Lawns and Landscape,<br><br>Plaintiff,<br><br>v.<br><br>M. SHAPIRO MANAGEMENT COMPANY LLC d/b/a Grand Oaks at Liberty Hill,<br><br>Defendant. | § § § § § § § § § § § § § § | 1:23-CV-1394-RP |

## ORDER

Before the Court are several post-trial motions and matters. Plaintiff Austin Shuler's Best Lawns Inc. ("Plaintiff") filed a Motion to Disregard Jury Findings, Motion for Judgment as a Matter of Law, and, in the Alternative, Motion to Amend Judgment or for New Trial. (Dkt. 71). M. Shapiro Management Company LLC ("Defendant") responded, (Dkt. 71), and Plaintiff replied, (Dkt. 73). Also before the Court is Plaintiff's Motion for Attorneys' Fees, (Dkt. 61), and both parties' bills of costs and the corresponding objections, (Dkts. 67, 68, 69, 70). Having considered the parties' briefing, the record, and the relevant law, the Court issues the following order.

## I. BACKGROUND

This is a dispute regarding payments owed under a contract between Plaintiff and Defendant that proceeded to a jury trial. This case concerns two questions: first, what amount was owed under the original contract for work already completed and, second, whether the contract had automatically renewed. The first was adjudicated at summary judgment, and the second was adjudicated at trial.

First, the Court granted Plaintiff summary judgment on its claim under the Texas Prompt Payment Act ("TPPA"), regarding the amount owed under the original contract, by adopting the report and recommendation from United States Magistrate Judge Susan Hightower. (Order, Dkt. 33; R. & R., Dkt. 29). For that claim, the Court awarded Plaintiff $5,381.56 in damages for the interest due on invoices under the original contract that were unpaid for more than thirty-five days in violation of the TPPA. (R. & R., Dkt. 29, at 11).

Second, the case proceeded to trial on the breach-of-contract question: whether the contract renewed and whether Defendant subsequently failed to make payments under the renewed contract. The contract provided it would automatically renew unless Defendant gave notice of its intent not to renew within a certain timeframe. (Dkt. 17, at 2). Defendant argued it gave timely notice of non-renewal, or at least substantially complied with the notice requirement. (Dkt. 18, at 1; Dkt. 19, at 3). At the end of the trial, the jury was asked: 1) did Defendant give timely notice of non-renewal? 2) did Defendant's notice of non-renewal substantially comply with the contract? And 3) what sum of money, if any, if paid now in cash would fairly and reasonably compensate Austin Shuler's Best Lawns for its damages, if any, that resulted from M. Shapiro's failure to substantially comply with the contract? (Dkt. 54). The jury answered that 1) Defendant did not give timely notice of non-renewal; 2) Defendant's notice of non-renewal did substantially comply with the contract; and 3) a sum of $0.00 would fairly and reasonably compensate Plaintiff. (Dkt. 58). Therefore, Defendant prevailed on the breach-of-contract claim at trial.

Defendant moved for the Court to enter final judgment, (Dkt. 60), but the parties disputed what fees and costs each is entitled to, (*see* Dkts. 60, 61, 62, 63). The Court found Plaintiff is owed fees and costs for prevailing on its TPPA claim, and Defendant is owed costs for prevailing at trial. (Order, Dkt. 64, at 5). The Court ordered the parties to conference and come to an agreement regarding these amounts and to what degree they offset each other. (*Id.* at 6). The parties were

unable to reach an agreement, so the Court now resolves the award of fees and costs, in addition to Plaintiff's post-trial motion.

## II. STANDARDS OF REVIEW

### A. Rule 50(b) Motion for Judgment as a Matter of Law

"A motion for judgment as a matter of law . . . in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (quoting *SMI Owen Steel Co. v. Marsh USA, Inc.*, 520 F.3d 432, 437 (5th Cir. 2008) (per curiam) (citation and internal quotation marks omitted)). Under Rule 50(b), "[a] motion for judgment as a matter of law should be granted if there is no legally sufficient evidentiary basis for a reasonable jury to find for a party." *Id.* (citation and internal quotation marks omitted). At this stage, a court's "review of a jury's verdict is 'especially deferential.'" *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 675 (5th Cir. 2016) (quoting *SMI Owen Steel Co. v. Marsh U.S.A., Inc.*, 520 F.3d 432, 437 (5th Cir. 2008)). The court "view[s] the entire record in the light most favorable to the non-movant, drawing all factual inferences in favor of the non-moving party, and 'leaving credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts to the jury.'" *Aetna Casualty & Surety Co. v. Pendleton Detectives of Mississippi, Inc.*, 182 F.3d 376, 378 (5th Cir. 1999) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1300 (5th Cir. 1994)). The court may grant a motion for JMOL "[o]nly when the facts and reasonable inferences are such that a reasonable juror could not reach a contrary verdict." *Baltazor v. Holmes*, 162 F.3d 368, 373 (5th Cir. 1998). "If reasonable persons could differ in their interpretation of the evidence, the motion should be denied." *Id.*

### B. Rule 59(a) Motion for New Trial

After a jury trial, Federal Rule of Civil Procedure 59 "authorizes courts to grant motions for new trial for any reason for which a new trial has heretofore been granted in an action at law in

federal court." *Wantou v. Wal-Mart Stores Tex., L.L.C.*, 23 F.4th 422, 431 (5th Cir. 2022) (citing Fed. R. Civ. P. 59). Courts generally uphold the jury's decision by determining if the decision is consistent. *See id.* at 431 (citations omitted). Further, the Fifth Circuit will reverse the denial of a motion for a new trial only if there is complete lack of evidence supporting the jury's verdict. *See id.*; *see also SED Holdings, L.L.C. v. TM Prop. Sols., L.L.C. (In re 3 Star Props., L.L.C.)*, 6 F.4th 595, 608 (5th Cir. 2021) (finding that the district court properly denied the motion for new trial).

### C. Rule 59(e) Motion to Alter or Amend the Judgment

"A motion to alter or amend the judgment under [Federal Rule of Civil Procedure] 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Bolton v. United States*, 946 F.3d 256, 262 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

### III. DISCUSSION

### A. Plaintiff's Motion

All of Plaintiff's requests are premised on the argument that the jury should not have been instructed on or asked about substantial compliance. Plaintiff argues first that Defendant waived any argument regarding substantial compliance, and even then, that substantial compliance "does not apply to the contract [Defendant] breached under controlling authority." (Dkt. 71, at 4–7). For these reasons, Plaintiff asks the Court to set aside the jury's verdict and render judgment as a matter of law

4

holding that Plaintiff is entitled to its full damages request of $297,621.68, or in the alternative, grant a new trial. (*Id.* at 10). Plaintiff raised these objections during trial as well. (*Id.* at 4).

Plaintiff's arguments do not persuade the Court that it was manifest error to instruct the jury on substantial compliance. Plaintiff first argues that substantial compliance is an affirmative defense, and since Defendant did not raise it in its answer, Defendant waived any substantial compliance defense. (Dkt. 71, at 4–5). Plaintiff cites *Johnson Controls, Inc. v. A. M. Goodson Co.* for the assertion that substantial compliance is an affirmative defense. No. SA-04-CA-473-FB, 2006 WL 8434051 (W.D. Tex. Dec. 28, 2006), *report and recommendation adopted*, 2007 WL 9702958 (W.D. Tex. Sept. 24, 2007). The court in that case does state: "A contactor may also assert substantial compliance as an affirmative defense to a breach of contract claim," but otherwise engages with substantial compliance very minimally and does not address any issues of waiver. *Id.* at 10. The Court does not read the court's statement in this non-binding case to establish that substantial compliance operates exclusively as an affirmative defense.

Rather, the Court finds, under Texas law, "substantial compliance is the appropriate standard for evaluating whether a party complied with a contractual notice provision." *James Constr. Group, LLC v. Westlake Chem. Corp.*, 650 S.W.3d 392, 405 (Tex. 2022). The Texas Supreme Court explicitly held so in *James Construction*, and the Fifth Circuit applied a substantial compliance standard to notice in *Elmen Holdings, L.L.C. v. Martin Marietta Materials, Inc.,* citing to *James Construction*. 86 F.4th 667, 678 (5th Cir. 2023). Plaintiff itself cites *James Construction*, arguing it applies here to show that when a "contract mandates a particular form of notice, the parties must comply." (Dkt. 71, at 5) (citing *James Construction*, S.W.3d at 396). Plaintiff's broad characterization of *James Construction*, however, does not engage with the lengthy discussion the court has regarding the application of substantial compliance to notice provisions. The court concludes that it is a "general principle of Texas law" that "a party's minor deviations from a contractual notice condition that do not severely impair the purpose

5

underlying that condition and cause no prejudice do not and should not deprive that party of the benefit of its bargain." *James Construction*, 650 S.W.3d at 406. The court applies this principle of substantial compliance to come to its narrower, ultimate holding: that when a notice provision requires written notice, oral notice does not suffice. *Id.* at 407. Oral versus written notice is not relevant to this case. What is relevant is that the Texas Supreme Court applied a standard of substantial compliance to come to that holding, and that the Fifth Circuit has followed suit. And where state substantive law requires substantial compliance, "whether a party has substantially complied with the terms of the contract presents a pure question of fact that the trier of fact alone may decide." *Turrill v. Life Ins. Co.*, 753 F.2d 1322, 1326 (5th Cir. 1985). So, the Court finds that substantial compliance was the appropriate standard for the jury to assess Defendant's notice, and it was not error to instruct the jury accordingly.

Having disposed of Plaintiff's only argument for relief, the Court finds no reason to set aside the jury's verdict, enter judgment as a matter of law, grant a new trial, or amend the judgment. Therefore, the Court denies Plaintiff's motion. (Dkt. 71).

### B. Fees and Costs

#### 1. Plaintiff's Attorneys' Fees

Texas law provides a rebuttable presumption that usual and customary fees are reasonable. Tex. Civ. Prac. & Rem. Code § 38.003. The court entertaining a motion for attorney's fees may take judicial notice of reasonable and customary fees, along with the case file. *Id.* § 38.004. The preferred method of computing a reasonable fee under section 38.001 is the "lodestar" method, or the product of reasonable hours times a reasonable rate. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 759 (Tex. 2012); *Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761 (Tex. App.—Fort Worth 2005, no pet.). Under the lodestar method for determining attorney's fees, "[f]actors that a factfinder should consider when determining the reasonableness of a fee include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered."

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

The Court has already ruled that Plaintiff is owed attorneys' fees for prevailing on its TTPA claim at summary judgment. (Order, Dkt. 64, at 5). Plaintiff asks for $42,443.60 in fees. (Dkt. 61, at 7). Defendant makes various objections to Plaintiff's calculation, and argues Plaintiff is entitled to $6,567.38 in fees, at most. (Dkt. 62, at 11).

First, Defendant argues Plaintiff has over-redacted its time entries. Defendant argues that many of the entries are so heavily redacted that neither Defendant nor the Court can properly assess the reasonableness of the entries. (Dkt. 62, at 6–7). Plaintiff, in response, asserts that all redactions are necessary to protect attorney-client privilege. (Dkt. 63, at 3). Here, the Court finds that Plaintiff's redactions generally appear reasonable. The Court will not second-guess Plaintiff's assessments of what material is privileged when it has no reason to believe that Plaintiff has over-redacted its billing entries. Thus, the Court concludes that Plaintiff redactions do not warrant any reduction of Plaintiff's requested attorneys' fees.

Now, the Court turns to the *Arthur Andersen* factors. Defendant argues Plaintiff fails to provide evidence of a reasonable number of hours required. Mainly, Defendant argues that Plaintiff

7

has failed to separate hours spent on the TPPA claim, for which Plaintiff is owed fees, from hours spent on the breach-of-contract claim, for which Plaintiff is not owed fees. Plaintiff highlights that the hours log includes only work done through October 16, 2025, before the Court granted Plaintiff summary judgment on its TPPA claim, and it does not include any hours worked after that, leading up to and during trial. (Dkt. 61-2, at 6). Plaintiff also reduced its request by 15% to account for work that was inextricably intertwined between the TPPA claim and the breach-of-contract claim. (*Id.*). Defendant argues this reduction is arbitrary and without calculation. (Dkt. 62, at 8). Defendant offers its own calculation, created "by meticulously determining how many discovery requests and pages of pleadings, written discovery, briefing, deposition transcripts, etc. of Plaintiff in the major areas of work in this case pertained to: (i) the breach of contract claim; and (ii) the TPPA claim." (*Id.* at 9). Based on these calculations, Defendant argues only about 15% of Plaintiff's hours were spent on the TPPA claim. (*Id.*).

The Court agrees that Plaintiff's fees should be reduced further than 15% to account for the need to segregate the fees for the TPPA claim from the fees for the breach-as-contract claim as much as possible. The Court agrees with Defendant that more of Plaintiff's complaint and motion practice was dedicated to the breach-of-contract claim. The Court does not doubt that some of the hours spent were inextricably intertwined but finds a reduction of greater than 15% appropriate.

Also, Defendant argues that an award of $42,443.60 in fees is disproportional to the $5,381.56 Plaintiff recovered on its TPPA claim. While "the amount of damages awarded is not the sole determining factor" of whether an attorney's fee award is reasonable, attorney's fees must bear some reasonable relationship to the amount in controversy. *E.g.*, *Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 153 (Tex. App.—Dallas 2012, no pet.). In fact, many Texas courts consider the degree of the plaintiff's overall success "the most critical factor in in determining the reasonableness of a fee award." *Farmers Grp. Ins., Inc. v. Poteet*, 434 S.W.3d 316, 333 (Tex. App.—Fort Worth 2014, pet.

8

denied) (citing *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 548 (Tex. 2009)). However, "there is no rule that fees cannot be more than actual damages," *Sharifi*, 370 S.W.3d at 153, and fee amounts even three times the amount of actual damages have been found reasonable. *See Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 602 (Tex. App.—Dallas 1990, no pet.). Here, an award of $42,443.60 in fees would be almost eight times the $5,381.56 Plaintiff recovered on its TPPA claim. This is too great a differential for Plaintiff's requested fees to bear a reasonable relationship to the amount in controversy for Plaintiff's TPPA claim, and the amount should be reduced accordingly.

Lastly, Defendant argues Plaintiff includes time entries labeled "Clerk," "Salinas," and Nifong," without providing any information as to who these individuals are. Because this omission leaves the Court without the ability to assess these individuals within the context of the *Arthur Andersen* factors, such as their experience, reputation, or ability, the Court agrees that Plaintiff's fee award should be reduced to account for these entries.

Overall, based on the above assessment of the factors set out in *Arthur Andersen* and its careful consideration of this case, the Court finds that a fifty-percent reduction in the lodestar amount is appropriate here and thus will award Plaintiff $21,221.80 for the attorneys' fees incurred on its TPPA claim. This fee award is roughly four times the amount Plaintiff recovered on its TPPA claim, a proportion that bears a more reasonable relationship to the amount in controversy on that claim.

### 2. Costs

A district court generally has wide discretion in awarding expenses or costs; however, this discretion is not unfettered. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). The Court's discretion in taxing costs against an unsuccessful litigant is limited to the following recoverable costs:

(1) Fees of the clerk and marshal;

>     (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>     (3)    Fees and disbursements for printing and witnesses;
>
>     (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>     (5)    Docket fees under section 1923 of this title; and
>
>     (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Although a district court may decline to award costs listed in the statute, it may not award costs omitted from the statute. *See Crawford*, 482 U.S. at 441–42; *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).

The Court has already ruled that Plaintiff is entitled to costs for its success on its TPPA claim and Defendant is entitled to costs for its successful defense of the breach-of-contract claim. (Order, Dkt. 66, at 2). Plaintiff claims $3,053.03 in costs, (Dkt. 68), and Defendant claims $6,906.52 in costs, (Dkt. 67). Both parties filed objections to the other's claimed costs. (Dkts. 69, 70).

Defendant makes one objection to Plaintiff's costs. Defendant argues that the $723.33 that Plaintiff claims in Westlaw fees for legal research is not taxable as costs. (Dkt. 70, at 1–2) (citing *Transverse, LLC v. Iowa Wireless Servs., LLC*, No. A-10-CV-517-LY, 2019 WL 3283217, at *12 (W.D. Tex. July 22, 2019), *report and recommendation adopted as modified*, 2019 WL 6048004 (W.D. Tex. Sept. 10, 2019), *aff'd in part, rev'd in part and remanded sub nom. Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, 992 F.3d 336 (5th Cir. 2021). This Court said as much in *Transverse* and will reduce Plaintiff's costs by $723.33 accordingly, awarding Plaintiff $2,329.97 in costs.

Plaintiff makes three objections to Defendant's claimed costs. First, Plaintiff objects to various costs associated with deposition transcripts. (Dkt. 69, at 2–4). A prevailing party is entitled to recover the costs of taking, transcribing, and reproducing depositions that are "necessarily obtained

for use in the case." 28 U.SC. § 1920(2). But, many courts in this district allow the recovery of the costs of videotaped depositions only where the recordings are used at trial. *Sois v. Crescent Drilling & Prod., Inc.*, No. SA-19-CV-01194-FB, 2023 WL 8707421, at *5 (W.D. Tex. Oct. 19, 2023) (collecting cases), *report and recommendation adopted sub nom. Solis v. Crescent Drilling & Prod., Inc.*, 2023 WL 8704782 (W.D. Tex. Dec. 15, 2023). Here, because the video recordings were not used at trial, the Court will follow the other courts in this district to reduce Defendant's costs by $940.00[1] for costs associated with videotaped depositions.

Plaintiff also objects to Defendant's costs for expedited deposition transcripts and the "litigation processing," "litigation support" and "processing & compliance" fees. (Dkt. 69, at 4). The Fifth Circuit has held that the cost of expedited transcripts and "incidental costs" are not listed in § 1920 and therefore not taxable as costs, unless a party can show the expedited transcript had prior court approval or the special character of the litigation necessitated it. *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 133–34 (5th Cir. 2015). Defendant has not made such a showing, and therefore the Court will reduce Defendant's costs by $568.32 for the "3 Day expedite" of Austin Shuler's deposition. The Court will also join other Texas courts in considering the "litigation processing," "litigation support" and "processing & compliance" fees as incidental costs that are not taxable as costs. *See e.g. Gaspari v. FMC Techs., Inc.*, No. CV H-13-2353, 2016 WL 2659593, at *2 (S.D. Tex. May 5, 2016), *report and recommendation adopted*, 2016 WL 6909277 (S.D. Tex. June 7, 2016). This reduces Defendant's costs by another $300.00.[2]

Second, Plaintiff objects to Defendant's claimed costs for copies, arguing Defendant does not provide an explanation of what was copied or why the copies were made. (Dkt. 69, at 5). Costs

---

[1] This sum includes a $300.00 fee and a $75.00 fee from "Bishop Legal Video," and a $250.00 fee, $125.00 fee, and a $190.00 fee from "Esquire Deposition Solutions- Austin Shuler" for "Remote Video" and "Synchronized Video." (Dkt. 69, at 2–3).
[2] This sum includes two $95.00 fees for the "Litigation Processing Fees," a $55.00 fee for "Litigation Support" and a $55.00 fee for "Processing & Compliance."

of photocopies obtained for use in the litigation are recoverable upon proof of necessity. *Conoco, Inc. v. Energy & Env't Int'l, L.C.*, No. CIV.A. H-01-4242, 2006 WL 734396, at *2 (S.D. Tex. Mar. 22, 2006) (citing 28 U.S.C. § 1920(4)). But "without an itemized breakdown . . . it is 'impossible to tell to what extent copies charged to the other party were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel.'" *Id.* (cleaned up). Because Defendant fails to identify what was being copied or why the copies were necessary in its 18 entries of copying expenses, the Court will reduce Defendant's costs by $767.90 for these entries.

Lastly, Plaintiff objects to Defendant's witness fees associated with Defendant's corporate representatives, Sam Madorsky and Natalie Towse. (Dkt. 69, at 5–6). Plaintiff argues Defendant cannot recover the cost of travel expenses for corporate representatives, and that since Madorsky only testified one day, Defendant can only recover for one day, rather than the two Defendant claims. (*Id.*). "Where a corporate representative is not a controlling officer of the company, many courts have determined the representative is entitled to the statutory attendance fee and subsistence allowance provided for witnesses under 28 U.S.C. § 1821, although only for the day or days he appeared as a trial witness. This does not include the cost of the corporate representative's flight, as airfare expense is a cost incurred in the person's capacity as corporate representative." *Transverse, LLC*, 2019 WL 3283217, at *7. Accordingly, the Court finds it appropriate to reduce Defendant's costs by the cost of Madorsky's flight and one day of Madorsky's witness fee, a total of $1,083.96.

In conclusion, the Court reduces Defendant's request of $6,906.52 by $3,660.18, awarding Defendant a total of $3,246.34 in costs.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Motion, (Dkt. 71), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $21,221.80 in attorneys' fees.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $2,329.97 in costs.

**IT IS FINALLY ORDERED** that Defendant is awarded $3,246.34 in costs.

**SIGNED** on July 7, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE